Dorris FIELDS, Respondent,

v.

Wendell FIELDS, Appellant.

No. 23211.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1960.

L. E. Atherton, P. M. Marr, Milan, for appellant.

R. Leroy Miller, Trenton, for respondent.

HUNTER, Presiding Judge.

On January 26, 1960, Dorris Fields, plaintiff-respondent, was granted a divorce from Wendell Fields, defendant-appellant. In terminating the seventeen year marriage, the trial court awarded custody of the four minor children to plaintiff, and ordered de-fendant to pay child support in the sum of $160 per month, alimony in gross in the sum of $8,500 and attorney fees in the sum of $1,000.

On this appeal defendant complains only of the amounts awarded as alimony in gross and for attorney fees, charging that they are excessive.

■  Defendant, conceding that we should accord due deference to the findings of the trial judge, correctly states that this is a trial anew in which this court should reach its own conclusions, rendering such judgment on these two challenged matters as the evidence and the applicable law war-- rant.  Clark v. Clark, Mo.App., 306 S.W.2d 641(1-2).

The parties were married on June 6, 1942, and, although two other divorce actions had been filed with resultant reconciliations, lived together until the bringing of this action.  There were four children born of the marriage; Wenda Sue and Brenda Lue, twins, thirteen years old; and Billie, eleven, and Linda, ten.

Some six months before the marriage defendant and his aunt entered into a part-nership agreement for a farming operation on 400 acres of land owned by the aunt. Defendant was to furnish the labor and the aunt was to help him secure credit.  The operation of the farm included farming, livestock raising and custom work by de-fendant, the returns of which went into the partnership.  Defendant had a consider-able amount of machinery, custom equip-ment, grain, hogs and cattle involved in it, as, for example, in 1959 over 100 sows and 600 pigs, and would average marketing from 400 to 500 head of pigs from his hog project. He used as many as three regular farm hands during the farming season.  This operation continued to date.

The assets of the partnership totalled $32,279.01, and its indebtedness totalled $32,190.35, as itemized by defendant.  How-ever, on reviewing those figures the trial court  found  a  partnership  balance  of

$1,814.66 of which defendant's half interest was $907.33. On our review of the record we accept this finding of the trial court.

In 1952 defendant acquired 229.2 acres of farm land which became a part of his farming operation. This farm is still in his name, subject to a $4,000 mortgage to the Prudential Life Insurance Company. There is also a deed of trust, signed by defendant in the sum of $4,000, to defendant's attorney for past and present legal services. The evidence as to the value of this farm was conflicting. Defendant's witnesses valued it at sums ranging from $53 to $70 an acre, whereas plaintiff's witnesses valued it at sums ranging from $100 to $120 an acre. The trial court found its value to be $100 per acre for its 229.2 acres. The trial court viewed the witnesses and evaluated their credibility on the subject. We are without adequate reason to do other than to also accept this figure as being the fair value of the land in question and we do so.

According to the evidence, for nearly sixteen years and until she suffered an injury about two years before the trial, plaintiff regularly had performed heavy farm work on the farm land with her husband. She drove tractors, cultivators, and other farm implements, worked in the fields, and also took care of the children and her household duties. While feeding cattle one morning she slipped on the tongue of a wagon, injuring her hip causing rheumatic bursitis in the hip socket. She testified she has been under a doctor's care constantly once or twice a week for over a year; that the fall affected a nerve that goes down her leg and bothers her considerably and that she has been directed not to be on her feet too much.

In making the alimony award the trial judge noted that any equity in the 229.2 acre farm would have arisen through the joint efforts of plaintiff and defendant. He also noted that the 629 acre farming operation of defendant was a substantial one and that defendant is in good health.

Summarizing, the trial court found the 229.2 acres to be worth $22,920 subject to an $8,000 indebtedness, or a net equity of $14,920. Adding to this the $907.33 mentioned previously results in defendant's having assets of $15,827.33. Defendant testified he owed a total of $851 in other bills.

Plaintiff testified that although she had received $100 from defendant after the separation and had received some money from partnership property sold prior to their separation, at the time of the separation and at the time of the trial she had no money, and no income, and had to turn to her father for shelter and financial assistance. She did have most of the furniture.

Both plaintiff and defendant indicated they would like for the court to exercise its discretion in awarding alimony in gross. The court then made the mentioned award.

■ Our statute provides that when a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, as, from the circumstances of the parties and the nature of the case, shall be reasonable. Section 452.070 RSMo 1949, V.A.M.S. In determining the amount of the award each case must stand squarely on its own facts. In determining what is a reasonable allowance the trial court is accorded a sound discretion to be exercised with reference to established principles, and it is only in the case of an abuse of discretion that its decree will be set aside.

■ Considerations that may affect the amount of the award include such things as the length of the marriage, the respective financial positions of the parties, their earning capacity, their marital conduct, ages, health, training and education, their respective contributions to any accumulations and whether there are minor children and their ages. See, Simon v. Simon, Mo., 248 S.W.2d 560; 17 Am.Jur., Divorce and Separation, Sections 688–93, pps. 743 ff.;

Nelson, Divorce and Annulment, 2nd Ed., Section 14.44, p. 55.

█ The amount allowed for the support of the four minor children in view of present dollar values does not seem to contemplate any allowance for regular hired supervision of them. This and the plaintiff's health problem make it unlikely that she will be in any reasonable position to acquire employment for some time. Cf. Bragg v. Bragg, Mo.App., 200 S.W.2d 84. Her active help and labor in the farming operation through the years of their marriage contributed substantially and favorably to defendant's present financial condition. She has been found to be the innocent and injured party. His misconduct caused the separation. This award of alimony in gross is all she will obtain for herself. We have carefully weighed these and the other considerations involved in the evidence before us, and we are unwilling to say that the amount allowed in this case was excessive or that the trial court abused its discretion in making the allowance. We find no merit in defendant's contention to the contrary.

Defendant's only other complaint is that the attorney's fee of $1,000 was excessive and should not have exceeded the sum of $500, stressing that no depositions were taken and that the pleadings were simple. Plaintiff's counsel testified his services included 26 office consultations of one to two hours each; four trips to Milan, Missouri, two of which involved motions for temporary support money and change of venue; five days in his office preparing the case for trial; one day consultation; one day preparing pleadings, and one day in trying the lawsuit. Additionally, he has defended this appeal with both brief and argument which he advised the trial court he would do in the event of an appeal. The testimony of an expert witness, former Circuit Judge V. C. Rose, was that the services rendered, as detailed in a hypothetical question, were of a reasonable value of $1,250.

█ Defendant does not contend there should be no allowance, but rather protests that the amount allowed was excessive. Again, a question of reasonableness of the award is presented and the trial court's exercise of its discretion in determining the amount of the award should not be upset absent abuse thereof. The amount allowed must be reasonable and should be controlled by the facts of the particular case as established by the evidence with a view toward insuring competent legal representation who will be adequately compensated for the services necessary to be performed. See, 27A C.J.S. Divorce §§ 224–225, pp. 981 ff.; Burtrum v. Burtrum, Mo.App., 210 S.W.2d 364(12). All the facts concerning the legal services rendered in behalf of plaintiff incident to and during the trial were before the trial court and well known to the trial judge at the time he fixed the amount to be allowed as attorney fees. On our review of the record, we find no abuse of discretion by the trial court in the attorney's fee award of $1,000, for under the circumstances presented that amount does not appear to be unreasonable.

The judgment is affirmed.

All concur.